UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE CUMMINGS, individually, and on behalf of others similarly situated, | ) ) ) Case No. 5:20-cv-149 (LEK/ML) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CARROLS RESTAURANT GROUP, INC., and CARROLS LLC, | ) ) ) |
| Defendants. | ) ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Nicole Cummings, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendants, Carrols Restaurant Group, Inc. and Carrols LLC, and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Nicole Cummings (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendants, Carrols Restaurant Group, Inc. and Carrols LLC (hereinafter referred to as "Defendants"), arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*

2. Plaintiff worked as an Assistant General Manager at Defendants' Raeford, North Carolina restaurant. Assistant General Managers, Assistant Managers, General Managers, Restaurant General Managers, Shift Managers, Crew Members, and other similar positions, collectively referred to as "AGMs," are all similarly situated persons employed by Defendants

3

and performed similar job duties at Defendants' franchised "Burger King" restaurants.

3.  Plaintiff's and other AGMs' job duties include handling food, money, making deposits, and monitoring product, among other duties.

4.  In order to perform their jobs, Defendants' AGMs are required to drive to and from different stores to pick up and transport product or equipment.

5.  Defendants have at all relevant times maintained, and continue to maintain, a common policy of failing to pay AGMs for the time they spend driving from store to store and picking up products/equipment, all of which directly benefit Defendants and are essential to their responsibilities as AGMs.

6.  The U.S. Department of Labor issued an Opinion Letter in April 2018 clarifying that unlike ordinary commute time, "travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38; WHD Opinion Letter FLSA-2018-18 (April 12, 2018).

7.  AGMs' travel from store to store to transport product or equipment is squarely within the federal regulations' definition of "Travel that is all in the day's work," and therefore must be counted as hours worked. "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38.

8.  Defendants knew or could have easily determined how long it took for its AGMs to complete their travel from store to store and pick up products/equipment and could have properly compensated AGMs for this work they performed, but did not.

9.  Because AGMs typically work at least 40 hours per week, Defendants' failure to

pay them for this time driving from store to store and picking up products/equipment violates the FLSA, which mandates that employees be paid for each hour worked in excess of 40 in a workweek at a rate not less than 1.5 their regular rate of pay.

10. The named Plaintiff is a former AGM who worked for Defendants on an hourly basis in Defendants' Raeford, North Carolina location.

11. Plaintiff brings this action on behalf of herself and all other similarly situated AGMs employed by Defendants to obtain declaratory relief and recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

13. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

14. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

15. Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' AGMs engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

16. This Court may properly maintain personal jurisdiction over Defendants because Defendants are headquartered and maintain their principal place of business in this state.

Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' contacts in this district would be sufficient to subject it to personal jurisdiction in this district.

## PARTIES

18. Plaintiff is a resident of Raeford, North Carolina and has been employed by Defendants as an AGM in Defendants' Raeford, North Carolina location from about February 2, 2012 through December 11, 2019. Plaintiff signed a consent form to join this lawsuit, which is attached hereto as Exhibit 1.

19. Carrols Restaurant Group, Inc. is a Delaware corporation with its principal place of business located at 968 James Street, Syracuse, New York 13203.

20. Carrols Restaurant Group, Inc.'s registered agent in the state of New York is CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207-2543.

21. Carrols owns and operates, directly and through its wholly owned subsidiary Carrols LLC, more than 800 franchised "Burger King" restaurants throughout the United States (including the Burger King where Plaintiff worked). See http://investor.carrols.com/static-files/1ea1886c-bea7-403c-8850-81761ef4e7dd, at page 3 (last accessed November 18, 2019).

22. Carrols LLC is a Delaware corporation with its principal place of business located at 968 James Street, Syracuse, New York 13203 (the same address as Defendant Carrols Restaurant Group, Inc.).

23. Carrols LLC's registered agent in the state of New York is CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207-2543.

24. Carrols LLC is a wholly owned subsidiary of Carrols Restaurant Group, Inc. See http://investor.carrols.com/static-files/1ea1886c-bea7-403c-8850-81761ef4e7dd, at page 2 (last accessed November 18, 2019). Together with Carrols Restaurant Group, Inc., Defendant Carrols LLC owns and operates more than 800 franchised "Burger King" restaurants throughout the United States, including the Burger King where Plaintiff worked.

## GENERAL ALLEGATIONS

25. Plaintiff worked as an AGM for Defendants at its Raeford, North Carolina location from about February 2, 2012 through December 11, 2019. During her employment, Plaintiff earned approximately $13.91 per hour.

26. Throughout her employment with Defendants, Plaintiff and other AGMs regularly worked off-the-clock.

27. In order to perform their jobs, Plaintiff and other AGMs were required to drive to and from Defendants' stores to transport product and/or equipment.

28. The time spent driving from store to store and picking up product/equipment benefited Defendants and was essential to AGMs' responsibilities as AGMs.

29. Defendants prohibited AGMs from reporting this time but required Plaintiff and other AGMs to perform this travel to and from stores and pick up product/equipment. Defendants' policy compelled them to perform these activities *without* reporting it on their timesheets and therefore perform it *off-the-clock*.

30. Because Plaintiff and other AGMs typically worked at least 40 hours in a workweek, they were not paid for time spent working in excess of 40 hours in a workweek, in

violation of the FLSA.

31. For example, in the week of 12/02/19-12/08/19, Plaintiff worked 47.42 hours that were paid, but additional hours off-the-clock.

32. As non-exempt employees, Plaintiff and other AGMs were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

33. At all relevant times, Defendants were Plaintiff's "employer" and Defendants directed and directly benefited from the work performed by Plaintiff and other AGMs off-the-clock.

34. At all relevant times, Defendants controlled Plaintiff's and all other AGMs' work schedule, duties, protocols, applications, assignments, and employment conditions.

35. Defendants knew or should have known that the time AGMs spent driving to and from Defendants' stores and picking up product/equipment is compensable under the FLSA.

36. At all relevant times, Defendants were able to track the amount of time that Plaintiff and other AGMs spent in connection with this travel to and from stores and transportation of product/equipment; however, Defendants failed to document, track, or pay them for such work.

37. At all relevant times, Defendants' policies and practices deprived Plaintiff and the putative Collective of wages owed for the compensable travel Plaintiff and the putative Collective performed, in violation of the FLSA and North Carolina Wage and Hour Act.

38. Because Plaintiff and the putative Collective and Class members typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived Plaintiff and the putative Collective and Class Members of overtime pay at a rate of 1.5 times their regular rate of pay, as required under the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

*All current and former Assistant General Managers, Assistant Managers, General Managers, Restaurant General Managers, Shift Managers, Crew Members, and other employees who performed similar job duties under various titles, who worked for Defendants in any of their locations in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

(hereinafter referred to as the "Collective"). Plaintiff reserves the right to amend this definition as necessary.

40. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The Collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

41. The employment relationships between Defendants and every Collective member are the same and differ only in name, location, and rate of pay. The key issues – the amount of uncompensated work time owed to each employee – do not vary substantially from Collective member to Collective member.

42. The key legal issues are also the same for every Collective member, to wit: time spent travelling to and from stores and picking up product/equipment is compensable under the FLSA.

43. Plaintiff estimates that the Collective, including both current and former employees over the relevant period, will include hundreds of members. The precise number of

9

Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All current and former Assistant General Managers, Assistant Managers, General Managers, Restaurant General Managers, Shift Managers, Crew Members, and other employees who performed similar job duties under various titles, who worked for Defendants in any of their locations in the United States at any time within the statutory period.*

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend this definition as necessary.

45. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates that there are several hundred Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

46. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Rule 23 Class members worked off-the-clock;

   b. Whether Defendants maintained a policy or practice of failing to pay Rule 23 Class members for time spent driving to and from stores and picking up product/equipment;

   c. Whether Defendants contractually agreed to pay Rule 23 Class members for all hours worked;

   d. Whether Defendants failed to pay Rule 23 Class members for

10

        all hours worked;

        e. Whether Defendants' violations of the North Carolina Wage and Hour Act were willful and/or in good faith.

47. Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class members.

48. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

50. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

51. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S.

Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

52. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

53. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

54. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

55. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

56. At all times relevant to this action, Plaintiff and other Collective members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

57. Plaintiff and other Collective members either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and other Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

59. At all times relevant to this action, Defendants required Plaintiff and other Collective members to travel to and from stores and pick up product/equipment from stores as

described herein, but failed to pay these employees the federally mandated minimum wage or overtime compensation for such time.

60. The uncompensated travel to and from stores to transport product/equipment performed by Plaintiff and other Collective members was an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

61. In workweeks where Plaintiff and other Collective members worked 40 hours or more, the uncompensated time should have been paid them at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

62. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have easily determined how long it took for its AGMS to travel to and from stores and pick up product/equipment and Defendant could have properly compensated Plaintiff and the Collective for such time, but did not.

63. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(Rule 23 Class Action)**
**Violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.6**
**FAILURE TO PAY WAGES**

64. Plaintiff re-alleges and incorporates all previous paragraphs herein.

65. Plaintiff and Rule 23 Class members were employed by Defendants within the meaning of the North Carolina Wage and Hour Act, and were not exempt from the statute's requirements.

66. N.C. Gen. Stat. § 95-25.6 has provided:

> Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly.

67. At all times relevant to this action, Defendants maintained contracts with Plaintiff and every other Rule 23 Class member which required them to pay each employee for each hour they worked at his or her contractual hourly rate as provided therein.

68. Plaintiff and every other Rule 23 Class member performed under the contract by doing their jobs and driving to and from Defendants' stores and picking up product/equipment, activities that Defendants required or accepted, and thus wages were "accruing" to them within the meaning of 63. N.C. Gen. Stat. § 95-25.6.

69. Defendants violated N.C. Gen. Stat. § 95-25.6 by failing to pay Plaintiff and other Rule 23 Class members wages accrued from time spent driving to and from Defendants' stores and picking up product/equipment.

70. As a result of Defendants' violations of the North Carolina Wage and Hour Act, Plaintiff and the Rule 23 Class members are entitled to recover unpaid wages dating two (2) years back, *see* N.C. Gen. Stat. § 95-25.22(f), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to N.C. Gen. Stat. § 95-25.22.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, NICOLE CUMMINGS, requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

c. Ordering Defendants to disclose in computer format, or in print if no

       computer readable format is available, the names and addresses of all collective action and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the FLSA collective action Class and undersigned counsel as Class counsel for the same;

e. Designating Plaintiff as the representative of the Rule 23 Class and undersigned counsel as Class counsel for the same;

f. Declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g. Declaring Defendants' violation of the FLSA was willful;

h. Declaring Defendants violated North Carolina Wage and Hour Act and that said violations were intentional, willfully oppressive, fraudulent and malicious

i. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the collective action and Rule 23 Class members the full amount of damages and liquidated damages available by law;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

k. Approving an incentive award to Plaintiff for serving as the representative of the FLSA collective and Rule 23 Class;

l. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

m. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, NICOLE CUMMINGS, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect

to the above entitled cause.

                                                              RESPECTFULLY SUBMITTED,

Dated: February 10, 2020            By:    /s Jason T. Brown

                                                         Jason T. Brown (NY Bar ID# 4389854)
                                                         Nicholas Conlon*
                                                         Lotus Cannon*
                                                         BROWN, LLC
                                                         111 Town Square Pl Suite 400
                                                         Jersey City, NJ 07310
                                                         T: (877) 561-0000
                                                         F: (855) 582-5297
                                                         jtb@jtblawgroup.com
                                                         nicholasconlon@jtblawgroup.com
                                                         lotus.cannon@jtblawgroup.com
                                                         *to be admitted Pro Hac Vice

                                                         *Counsel for Plaintiff*